IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT BOSLEY,

    Plaintiff,

  v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

                                         /

No. C 16-00139 WHA

**NOTICE RE QUESTIONS FOR HEARING ON PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT**

At the hearing on December 1, counsel for both sides should be prepared to discuss whether plaintiff's claims should be adjudicated by bench trial and, if so, whether and to what extent the Court should consider evidence outside the administrative record. Additionally, counsel for both sides should be prepared to answer questions about the facts of the case with specific citations to the administrative record. For example:

- How did defendant categorize occupations as, *e.g.*, "sedentary," "heavy," or "very heavy," and how did these categories affect defendant's analysis of disability benefits claims?

- How did defendant decide which claims require "a higher level review with [the] Medical Director" (AR 298)?

- Did Dr. Peters's finding that plaintiff's history was "consistent with the [chronic fatigue syndrome] that was diagnosed in 2007" with a history of "exacerbations" (AR 291) rely on the 2008 and 2011 claims and their supporting documentation?

- What was Dr. Peters's rationale for opining that plaintiff could work 40 hours per week with some limitations (AR 291) despite plaintiff's subjective reports — and Dr. Zollinger's corroborating notes — that plaintiff could not work?
- Did Dr. Zollinger have any clinical data verifying the "patient report" that the limitations recommended by Dr. Peters had been attempted and resulted in long periods of excessive fatigue precluding work (AR 271)?
- Why did Dr. Wysham require plaintiff to undergo "ongoing motivational interviewing" and "show that he is working with mental health in order to continue to receive work excuse letters" from her (AR 206)?
- Why and to what extent was plaintiff's motivation to return to work or seek additional medical treatment relevant to defendant's evaluation of his claim for disability benefits?
- The appeals nurse who recommended referring plaintiff's appeal to infectious disease / internal medicine and psychiatry specialists also suggested "including any prior claim medical [record] if related to the current conditions" (AR 566). Plaintiff's appeal was referred to the aforementioned specialists, but they did not consider the history of his 2008 and 2011 disability claims (AR 151–52, 161–62). Why not?

Dated: November 30, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2