IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT BOSLEY,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

No. C 16-00139 WHA

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action to recover benefits under a long-term disability plan governed by the Employee Retirement Income Security Act of 1974, plaintiff renews his motion for summary judgment, which had been held in abeyance pending additional discovery into plaintiff's prior long-term disability claims for the same medical condition. Based on the results of that additional discovery and supplemental briefing, plaintiff's renewed motion is **DENIED**.

## STATEMENT

The background of this case was set forth in detail in the previous order on summary judgment (Dkt. No. 38) and does not need to be repeated here. In brief, plaintiff Robert Bosley worked as a nurse for non-party Kaiser Permanente from 2006 to 2013. He enrolled in Kaiser's ERISA plan (the "Plan"), which included a long-term disability insurance policy issued by defendant Metropolitan Life Insurance Company ("MetLife"). Bosley previously claimed, and MetLife approved, long-term disability benefits in 2009 and 2011. Benefits from the first claim ran from 2008 to 2010 and terminated when Bosley returned to work in a "sedentary" desk job

1  (as opposed to his prior "very heavy" position).  Benefits from the second claim ran from 2011
2  to 2012 and terminated when Bosley started a new job as an advice nurse in Kaiser's call center.

3  In 2014, Bosley submitted a third claim for long-term disability benefits on the basis that
4  he suffered from chronic fatigue syndrome.  MetLife denied both the claim and Bosley's
5  subsequent appeal, finding that Bosley's medical record at the time did not establish disability
6  within the meaning of the Plan.  This action followed.

7  Both sides agreed to de novo review and moved for summary judgment.  A previous
8  order denied MetLife's motion, noting that MetLife failed to properly consider Bosley's
9  subjective complaints.  Moreover, MetLife could not point to any indicia of unreliability in
10 Bosley's medical record that would have justified rejecting his consistent self-reports of
11 physical impairment.  At that point, the Court contemplated remanding this action to MetLife to
12 reevaluate Bosley's claim with due consideration for his subjective complaints.[1]

13 Bosley, however, requested further discovery of his claim files from 2009 and 2011,
14 which were not in the record before the Court at the time.  Bosley represented, both in his
15 briefing and at oral argument, that MetLife "paid the prior claims on essentially the same basis"
16 as that asserted for his 2014 claim.  He claimed further discovery would "provide additional
17 evidence of inconsistent positions taken by MetLife . . . as well as further evidence of [his]
18 disability" and "evidence of MetLife's breach of fiduciary duty" (*see* Dkt. No. 34 at 3).  Based
19 on these representations, the Court granted the requested discovery and held Bosley's cross-
20 motion for summary judgment in abeyance.

21 MetLife produced the requested claim files from 2009 and 2011.  Bosley now renews
22 his motion for summary judgment, urging against remand because "this Court is in just as good,
23 if not a better, position to review the evidence and determine whether [he] is entitled to benefits
24 under the terms of the [P]lan" (Dkt. No. 39 at 6).  Bosley suggests proceeding to a bench trial

---

[1] Contrary to Bosley's counsel's suggestion at oral argument, the Court's prior ruling that MetLife incorrectly *evaluated* Bosley's claim was not equivalent to a ruling that MetLife incorrectly *decided* Bosley's claim.  In other words, while MetLife should have better considered Bosley's subjective complaints of chronic fatigue syndrome, it was not a foregone conclusion that Bosley was in fact disabled within the meaning of the Plan.  If it was, there would have been no reason to remand, and the previous order would have simply granted Bosley's motion for summary judgment instead of allowing him additional discovery to bolster his claims.

2

"[i]n the event the Court does not see its way clear to granting summary judgment" (*id.* at 7–8). He also renews his claim for equitable relief on the basis that he suffered financial losses as a result of MetLife's breach of fiduciary duty under ERISA.

## ANALYSIS

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact that "might affect the outcome of the suit under the governing law." F.R.C.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

### 1. SUMMARY JUDGMENT.

Bosley claims his subjective complaints of chronic fatigue syndrome and doctors' affirmations thereof were sufficient for MetLife to approve long-term disability benefits in both 2009 and 2011. Thus, Bosley argues, MetLife's denial of his 2014 claim on "essentially the same" medical record must have been erroneous, and he must have been entitled to long-term disability benefits in 2014 as well (*see* AR 187; Dkt. Nos. 34 at 3, 18; 39 at 2–4). Bosley was and remains wrong, however, in representing that MetLife previously approved his long-term disability claims based on the same medical record as in the 2014 claim. The claim files from 2009 and 2011 reveal a much more complicated medical history, shedding light on MetLife's decision calculus in those claims and casting doubt on the sufficiency of Bosley's 2014 claim. Material factual issues therefore preclude summary judgment on the question of whether Bosley was in fact disabled within the meaning of the Plan in 2014.

Two examples will suffice. *First*, there are significant differences between Bosley's 2009, 2011, and 2014 claims. Prior to 2009 and 2011, Bosley worked in more demanding occupations than he did in 2014. His medical records during previous disability periods also contained much more than just his subjective complaints and doctors' affirmations of chronic fatigue syndrome. For example, during the 2008–2010 period, he was also diagnosed with depression, hypertension, and daily migraines, and experienced gastroenteritis, chest pain, photophobia, skin lesions, back pain, vision problems, and acid reflux (AR 1142–73). Then, during the 2011–2012 period, he was hospitalized and underwent multiple invasive tests and

3

two separate surgeries — each of which required recovery time — in connection with a gastrointestinal tumor and postoperative complications (AR 2080–119).

*Second*, at least two of Bosley's own physicians apparently expressed skepticism as to the extent of his disability. In 2012, Bosley's treatment with Tan Tri Pham, M.D., for chronic fatigue syndrome reached an "impasse" because Dr. Pham thought Bosley was not "trying," and believed Bosley needed to exert himself and exercise more. Bosley, however, felt his condition was "permanent" and did not want to do things that made him feel fatigued (AR 2148–51). And in 2014, Katherine Wysham, M.D. — despite acknowledging that Bosley had a longstanding diagnosis of chronic fatigue syndrome — required him to undergo "motivational interviewing" and work with mental health services "in order to continue to receive work excuse letters" from her (AR 205–06).[2]

The foregoing examples are not an exhaustive list of the factual issues in this case but illustrate why the record does not definitively show Bosley was disabled within the meaning of the Plan in 2014. Summary judgment on Bosley's first claim for benefits is therefore improper.

Summary judgment is similarly improper on Bosley's second claim for equitable relief. To highlight just one material factual dispute: Bosley claims MetLife "disregarded" his claim files from 2009 and 2011 in its analysis of his 2014 claim (Dkt. No. 39 at 12). But when David Peters, M.D. — MetLife's medical director — reviewed Bosley's 2014 claim, he noted Bosley's history of "exacerbations" of chronic fatigue syndrome before concluding Bosley's 2014 "complaints" were "subjective without significant physical findings" (AR 291). Possibly, Dr. Peters considered Bosley's 2009 and 2011 claims but determined that they did not support his 2014 claim. Contrary to Bosley's assertions, whether and to what extent his 2009 and 2011 claims factored into MetLife's decision to deny his 2014 claim is not apparent from this record. Again, this is only one example of a factual issue precluding summary judgment.

---

[2] It may be true, as Bosley's counsel claimed at oral argument, that the medical professionals at MetLife who reviewed Bosley's 2014 claim gave "conclusory" opinions "not supported by any analysis." On the other hand, it may also be true that Bosley's own physicians simply rubber-stamped Bosley's subjective complaints that chronic fatigue syndrome prevented him from working, in which case their opinions would similarly carry little weight. Insofar as the issue of Bosley's disability turns on the credibility of conflicting medical opinions, it cannot be decided on summary judgment.

4

**2.    REMAND V. BENCH TRIAL.**

As stated, Bosley in his supplemental briefing urged for a bench trial instead of remand. MetLife did not oppose a bench trial in their briefing or at oral argument. This order agrees with Bosley that, in case MetLife's denial of his 2014 claim really was "contrary to the facts," a bench trial is preferable to remand because it does not risk unjustly giving MetLife a "second bite at the apple" at Bosley's expense. *See Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001).

Although ERISA cases are tried on the administrative record, the Court in its discretion may admit additional evidence necessary to fully exercise informed and independent judgment and conduct an adequate de novo review. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999); *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943–44 (9th Cir. 1995). Extra-record evidence will likely be necessary here since Bosley's credibility, and the credibility and reasoning of medical professionals on both sides, are at issue. In addition to hearing sworn testimony, the Court is considering appointing an independent medical expert, to be paid for by the parties, to help evaluate medical evidence on the question of whether and to what extent Bosley's chronic fatigue syndrome impaired his ability to function. *See, e.g.*, *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070–71 (9th Cir. 1999).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**. A bench trial is set for **MARCH 15, 2017**. The parties shall meet and confer and submit a joint proposal for a qualified independent medical expert, or show cause why such an expert should not be appointed, by **JANUARY 11, 2017**. If the parties cannot agree to a joint proposal by that date and the Court decides to appoint an independent medical expert, such appointment will be without the parties' input.

**IT IS SO ORDERED.**

Dated: December 9, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE