IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOSLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | No. C 16-00139 WHA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

**INTRODUCTION**

Plaintiff in this ERISA action moves for attorney's fees, costs, and interest following judgment in his favor. The motion is **GRANTED**.

**STATEMENT**

The factual and procedural background of this action has been set forth in detail in prior orders (Dkt. Nos. 38, 54, 69) and need not be repeated here. In brief, plaintiff Robert Bosley brought this action against defendant Metropolitan Life Insurance Company ("MetLife") to recover long-term disability benefits under the Employee Retirement Income Security Act of 1974. After prior orders denied both sides' cross-motions for summary judgment, this action proceeded to a bench trial on the administrative record (Dkt. Nos. 38, 54). An order after the bench trial found that MetLife owed Bosley some, but not all, of the benefits sought (Dkt. No. 69). Judgment was entered accordingly (Dkt. No. 74). Bosley now moves for attorney's fees, costs, and interest (Dkt. No. 77). This order follows full briefing and oral argument.

**ANALYSIS**

1. **ENTITLEMENT TO ATTORNEY'S FEES.**

Section 1132(g)(1) of Title 29 of the United States Code provides, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Supreme Court has held that "a fee claimant need not be a 'prevailing party'" but "must show 'some degree of success on the merits' before a court may award attorney's fees under [Section] 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252, 255 (2010). Our court of appeals has further explained that, "absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984).

In our circuit, a court exercising its discretion under Section 1132(g)(1) should consider, among other things, "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

Here, Bosley undoubtedly achieved "some degree of success on the merits." MetLife "disputes that fees should be awarded at all, based on . . . the fact that [Bosley] did not completely prevail in this action" (Dkt. No. 86 at 1), but Bosley does not need to "completely prevail" to establish eligibility for attorney's fees under Section 1132(g)(1). *See Hardt*, 560 U.S. at 252. This order therefore turns to the *Hummell* factors.

**A. Culpability or Bad Faith.**

The record does not support a finding of culpability or bad faith against either side. Indeed, as detailed in the order setting forth findings of fact and conclusions of law after the bench trial, this action presented a very close question as to whether Bosley actually satisfied the definition of disability as required to receive long-term disability benefits under MetLife's policy (*see* Dkt. No. 69 at 10–15). Contrary to Bosley's contention, the mere fact that MetLife

2

partly erred in denying him benefits does not constitute "an adequate basis upon which to find 'culpability,' if not 'bad faith'" (*see* Dkt. No. 77 at 3–4). This factor is neutral.

### B. Ability to Pay.

MetLife concedes it has the financial resources to satisfy an award of attorney's fees (Dkt. No. 86 at 4). This factor weighs in favor of granting attorney's fees.

### C. Deterrence.

Since this action presented a very close question on the merits, an award of attorney's fees herein would likely have little to no deterrence effect on others even under similar circumstances. Bosley claims he "can only hope that an award of attorney's fees and costs in this case will deter defendant MetLife and other insurance carriers from similar conduct" but provides no plausible basis for that hope (Dkt. No. 77 at 4–5). This factor is neutral.

### D. Benefitting Others.

For the same reason, it is unlikely that, as Bosley suggests, "similarly situated ERISA plaintiffs in the future . . . will be able to rely upon this Court's analysis to urge MetLife to consider their subjective complaints in its analysis of their claims" (Dkt. No. 77 at 5). Bosley does not and cannot contend that he brought this action to benefit any other individuals or to resolve a significant legal question regarding ERISA. This factor is neutral.

### E. Relative Merits.

As stated, although Bosley recovered some of the benefits sought herein, this action presented a very close call on the merits. On balance, this factor, and the *Hummell* factors as a whole, weigh slightly on favor of granting attorney's fees. Keeping in mind the admonition of our court of appeals that "a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant," this order therefore concludes that Bosley is entitled to attorney's fees. *Smith*, 746 F.2d at 590.

### 2. AMOUNT OF ATTORNEY'S FEES.

"To calculate attorney's fees awarded under [Section] 1132(g)(1), district courts utilize a two-step hybrid lodestar/multiplier approach." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). *First*, the court determines the appropriate lodestar amount by

3

"multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." In doing so, the district court may exclude "excessive, redundant, or otherwise unnecessary" hours and must consider "the experience, skill, and reputation of the attorney requesting fees." *Id.* at 945–46 (quotations and citations omitted). *Second*, "in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* at 946 (citation omitted). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Id.* at 945–46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, Bosley's counsel claims he necessarily expended 166.9 hours in prosecuting this action and requests "the prevailing market rate of $650.00 per hour" (Dkt. No. 77 at 5). Counsel provided detailed time records documenting the time expended on specific tasks during this litigation (Dkt. No. 78-1). Counsel also provided the declarations of three "experienced ERISA litigators in the San Francisco Bay Area" and identified several recent decisions from our district awarding attorney's fees under Section 1132(g)(1), all of which corroborate the reasonableness of his requested hourly rate (*see* Dkt. Nos. 78-2–78-8).[1]

This order concludes the hourly rate of $650 per hour requested by Bosley's counsel is reasonable. The hours expended on this litigation are also, for the most part, reasonable under these circumstances and amply supported by counsel's detailed time records, except that this order excludes three hours for estimated travel time (*see* Dkt. No. 78-1 at 5, 9, 12) and five hours for a request concerning the amount of benefits due that counsel drafted but never filed (*see id.* at 13 & n.1). The appropriate lodestar amount to award is therefore 158.9 hours multiplied by $650 per hour, or $103,285, plus an additional $1,820 for Bosley's reply brief in support of this motion for attorney's fees (less estimated travel time for the very brief hearing) (*see* Dkt. No. 88 at 4). Counsel does not seek any multiplier of the lodestar amount, and no multiplier is warranted here.

---

[1] MetLife's only response is to assert, without argument or authority, that the hours expended "are excessive and unreasonable" and counsel's "hourly rates sought are unreasonable" (*see* Dkt. No. 86 at 1–2). This assertion falls well short of rebutting Bosley's counsel's well-documented request.

4

### 2. INTEREST.

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627–28 (9th Cir. 2007) (citations omitted). "Prejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). "Whether interest will be awarded is a question of fairness . . . to be answered by balancing the equities." *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985) (citations omitted). Generally, the interest rate prescribed for post-judgment interest under Section 1961 of Title 28 of the United States Code is appropriate for fixing the rate of pre-judgment interest unless the district court finds, on substantial evidence, that the equities of a particular case require a different rate. *Blankenship*, 486 F.3d at 628.

Bosley seeks prejudgment interest at the rate of ten percent per annum to "help compensate [him] for the [losses] he incurred as a result of MetLife's wrongful denial and withholding of his long term disability benefits for over three years" (Dkt. No. 77 at 5–6). He had previously submitted a declaration detailing how MetLife's denial of his claim contributed to financial difficulties that ultimately led him to move to Missouri for more affordable housing (*see* Dkt. No. 40). Under these circumstances, he contends, "[t]oday's artificially low treasury yield rate is simply not enough" to compensate for his losses (Dkt. No. 77 at 6). MetLife's only response is that "[a]ny inadequacy of the statutory rate is an issue for Congress, not for this Court" (Dkt. No. 86 at 6). This argument is correct as far as it goes, but misses the point. Any general inadequacy inherent in the statutory rate remains an issue for Congress, but whether that rate provides inadequate compensation given the equities of this particular case remains a question for this Court. *See Blankenship*, 486 F.3d at 628.[2]

Taking into account the balance of equities and the compensatory nature of prejudgment interest, this order concludes that an award of prejudgment interest at the rate of ten percent, compounded annually, is appropriate here.

---

[2] In its opposition brief, MetLife requests that any award of prejudgment interest be compounded annually (Dkt. No. 86 at 6). Bosley does not oppose this request in his reply brief (Dkt. No. 88).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees, costs, and interest is **GRANTED**. Plaintiff is hereby awarded **$105,105** in attorney's fees and prejudgment interest at the rate of **TEN PERCENT**, compounded annually.

**IT IS SO ORDERED.**

Dated: September 14, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE